**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**PRINCEWILL EZEBUIHE,**

      **Plaintiff,**

v.                                                            **Civil Action No. 5:07cv75**
                                                              **(Judge Stamp)**

**UNITED STATES GOVERNMENT
"aka" DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
CHRISTI CUTRIGHT, UNICOR Factory Manager,
ANTHONY CONRAD, Assistant Factory Manager,
P. FAZENBAKER, Production Supervisor,**

      **Defendant.**


## ORDER REGARDING PRELIMINARY REVIEW AND SERVICE OF PROCESS

On June 7, 2007, the *pro se* plaintiff, a federal inmate, initiated this case by filing a civil rights action and Federal Tort Claims Act against the above-named defendants. In the complaint, the plaintiff asserts that on October 19, 2006, portions of three of the fingers on his left hand were cut off while he was working on the assembly line in the UNICOR factory at FCI Gilmer. The plaintiff alleges that his injuries are the proximate result of the fact that inmates in the UNICOR factory are not properly trained, instructed or supervised, and they are allowed to work in dangerous, life threatening situations. In addition, the plaintiff alleges that the defendants were aware of the unsafe work environment but failed to enforce their responsibility so as to avoid foreseeable risk. From the complaint, it appears that the plaintiff has exhausted his administrative remedies. As relief, the plaintiff seeks compensatory and punitive damages against each of the defendants, attorney fees and costs, and all other relief the Court deems necessary and just.

Pursuant to LR PL P 83.02, et seq., the undersigned is required to conduct a preliminary review of the complaint to determine whether the plaintiff's claims are frivolous, malicious, or fail to state a claim. Having made such a review, the undersigned finds that summary dismissal of the complaint is not warranted at this time and that the defendants should be made to file an answer. However, the undersigned notes that the plaintiff's request to proceed as a pauper has been denied. Therefore, the plaintiff is not entitled to court ordered service of process by the United States Marshal Service. Instead, the plaintiff is responsible for obtaining service of process on his own, and in doing so, should be aware of the following requirements of Rule 4(m) of the Federal Rules of Civil Procedure:

> **Summons: Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

The plaintiff's complaint was filed on June 6, 2007. Therefore, the defendants must be served on or before October 4, 2007. Accordingly, the **Clerk** is directed to issue **60 day** summonses for the named defendants, the United States Attorney for the Northern District of West Virginia, and the Attorney General of the United States and forward those forms to the plaintiff. The plaintiff shall effect service of process upon those parties and timely provide the Court with certification of service by filing documents which reflect proper, completed service upon each party. The failure to provide proof of proper service for a particular party, or the failure to show good cause for the failure to effect service within the time allotted, could result in the dismissal of this case without prejudice.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order, and the issued summonses, to the *pro se* plaintiff.

DATED: September 17, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE