# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PRINCEWILL EZEBUIHE,**

      **Plaintiff,**

**v.**                                    **Civil action no. 5:07cv75**
                                                  **(Judge Stamp)**

**UNITED STATES OF AMERICA, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On June 7, 2007, the *pro se* plaintiff, Princewill Ezebuihe, filed this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents,[1] ("Bivens") 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.   On July 9, 2007, the plaintiff paid the $350.00 filing fee.  On September 17, 2007, the undersigned made a preliminary review of this matter and determined that summary dismissal was not warranted.  Accordingly, the Clerk was directed to issue a 60 day summonses for the named defendants,  the United States Attorney's Office for the Northern District of West Virginia and the Attorney General for the United States of America and forward those forms to the plaintiff for service.  On January 4, 2008, the defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment, together with numerous exhibits and attachments.  On January 7, 2008, a Roseboro Notice was issued. As of the date of this Report and Recommendation, the plaintiff has failed to respond.[2]  Accordingly, this matter is now pending before me for a Report and

---

[1] In this case, the Supreme Court created a counterpart to 42 U.S.C. §1983 and  authorized suits against federal employees in their individual capacities.

[2] The undersigned notes that the Roseboro Notice was returned because the plaintiff was no longer at the last address that he provided to the Court, and it would appear that the plaintiff may

Recommendation.

## I. STATEMENT OF FACTS

Prior to his release from federal incarceration on October 9, 2007,[3] the plaintiff was last incarcerated at FCI Gilmer which is located in Glenville, West Virginia. On October 19, 2006, while at FCI Gilmer, the plaintiff was injured while working at his assigned UNICOR [4]job. More specifically, three fingertips on his left hand were sheared off while he was assisting with the assembly of a rear axle and suspension of a large truck. Following the injury, the plaintiff was transported to an outside hospital where it was determined that re-attachment of his fingertips was not medically possible. (Doc. 32-4, pp. 2, 5).

The plaintiff filed an administrative tort claim with the BOP in October 2006, seeking $2,000,000 in damages. The plaintiff claimed that BOP staff was negligent in supervising and enforcing safety measures. (Doc. 23-3, pp. 4-6). The plaintiff's claim was denied on January 8, 2007, because the injury occurred on his work assignment and, therefore, was covered by the Inmate Accident Compensation Act ("IACA"), authorized by 18 U.S.C. § 4126. (Doc. 32-3, p. 8).

In addition to his FTCA, the plaintiff filed an administrative remedy at the institutional level, claiming that staff failed to properly supervise inmates and failed to enforce safety measures. The plaintiff maintains that these failures exhibited a pattern of deliberate indifference. The plaintiff's

_____

have been deported. Regardless, it is the plaintiff's responsibility to keep the court informed of his current address, and even if he has been deported, said circumstance would not prevent him from providing a current mailing address.

[3]Upon his discharge, the plaintiff was placed in the custody of ICE for deportation proceedings.

[4]UNICOR is the Bureau of Prisons' ("BOP") trade name for the Federal Prison Industries, Incorporated, Inc. ("FPI"). FPI is a government corporation within the BOP whose mission is to provide work simulation programs and training opportunities for inmates. See 28 C.F.R. § 345.11.

administrative remedy was denied through all three levels of the administrative process, and he has properly exhausted his administrative remedies.(Doc. 32-3, pp. 1-2).

## II. <u>Standard of Review</u>

### A. <u>Motion to Dismiss</u>

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. <u>Walker v. True</u>, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984); <u>Conley v. Gibson</u>, 355 U.S. 41, 4506 (1957).

### B. <u>Summary Judgment</u>

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. <u>Maynard v. Dixon</u>, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. <u>Miller v. Federal Deposit Ins. Corp.</u>, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla

of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be § granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

**III. Discussion**

**A. FTCA**

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

By the IACA, Congress has authorized Federal Prison Industries, Inc., a federal corporation to pay inmates "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). See also 28 C.F.R. § 301.101, *et seq*. This accident compensation procedure is the exclusive remedy

for inmates injured while working in BOP institutions. United States v. Demko, 385 U.S. 149 (1966). Injured inmates who are covered by the IACA may not bring claims under the FTCA. Id. See also, 28 C.F.R. § 301.319. There is no question that the plaintiff alleges that he suffered a work related injury. Therefore, his claim under the FTCA is barred as a matter of law.

## B. BIVENS CLAIM

The Fourth Circuit has not specifically decided whether a Bivens action may be maintained by an inmate when the injury resulted from a work-related accident. See Yorkey v. Petiiford, 2007 WL 2750068 (D.S.C. September 20, 2007). Within this judicial district, though, a Bivens action was allowed to be maintained by an inmate when the injury was work-related. See Dabney v. Bledsoe, 2006 WL 1376903 (N.D.W.V. May 17, 2006). However, there is a split of authority among the Circuits on this issue. *Compare* Alvarez v. Gonzales, 155 Fed. Appx. 393, 396 (9th Cir. 2005)(barring a Bivens action where the injury is work related; Springer v. U.S., 229 F.3d 1154 (6th Cir. 2000)(Inmate Accident Compensation Act barred FTCA and Bivens claims which arose from injuries incurred while performing prison job); *with* Bangola v. Kindt, 29 F.2d 779, 780 (7th Cir. 1994)(upholding lower court's determination that the Inmate Accident Compensation Act does not preclude Bivens action); Vacarro v. Dobre, 81 F.w3d 854, 857 (9th Cir. 1996)(Inmate Accident Compensation Act does nor bar Bivens claim); Garcia-Comacho v. Maldonado, 2007 WL 2228623 (5th Cir. 2007) (remanding Bivens claim involving a work related injury). However, even if this court were to determine that the IACA does not bar a Bivens claim, it is clear that the plaintiff's complaint does not state a claim upon which relief can be granted.

The plaintiff's administrative tort claim and the complaint filed with this court contain the same allegations with some additional legal terms added in the complaint. Specifically, in his

administrative tort claim, the plaintiff alleges that the staff's actions and omissions..."were part of a pattern of negligence, per se negligence, and wanton negligence by staff to my safety and health at the Gilmer Unicor factory." (Doc. 32-3, p. 6). In his complaint, the plaintiff alleges that the defendants' actions and omissions...."were part of on an overall pattern of deliberate indifference." (Doc. 1, p. 6). Despite this legal "jargon", the complaint clearly raises a negligence claim, not a claim of deliberate indifference. As the Fourth Circuit has noted:

> To be sure, the original complaint throws in words and phrases such as 'deliberate indifference.' 'Malicious,' 'outrageous,' and 'wanton' when describing the conduct of the officers. The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b0(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference.

Young v. City of Mount Ranier, 238 F.3d 567, 577 (5th Cir. 2001).

A prison official cannot act with deliberate indifference unless the official knows of and disregards an excessive risk to inmate safety or health. Stated more definitively, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw such an inference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Where an inmate brings a claim based on a work related injury, "it is not the injury itself that gives rise to a Bivens claim. Rather, in such cases the court must determined whether prison officials acted or failed to act with a sufficiently culpable state of mind, in order to determine whether a prisoner's injury was the result of punishment or a tragic accident." See Bagola v. Kindt, 131 F.3d 632, 646 (7th Cir. 1977).

There appears to be no dispute that the plaintiff's injury occurred while he was assisting with the assembly of a rear axle and suspension of a large truck. The plaintiff was employed in UNICOR

beginning on April 10, 2006, and had completed this task approximately 15-20 times prior to the accident. (Doc. 32-4, p. 1).[5]

All inmates working in UNICOR receive monthly safety talks. Records indicate the plaintiff signed a form indicating he had viewed and understood a PowerPoint presentation on the Use and Care of Tools and had read the UNICOR Inmate handbook that specifically noted that an inmate was not to operate machinery until he had been properly trained. In addition, he acknowledged that he was provided training on Hand Safety-Avoiding Finger, Hand & Wrist Injuries. (Doc. 32-4, pp. 13-22).

With respect to the three named defendants, it is clear that none of them acted with deliberate indifference. Christi Cutright, the UNICOR Factory Manager was working but was not in the immediate area of the accident and did not authorize or direct any untrained inmate to operate the crane. (Doc. 32-4, p. 2), Anthony Conrad, the UNICOR Factory manager at that time, was in the factory but also was not in the immediate area of the accident and did not authorize or direct any untrained inmate to operate the crane. (Doc. 32-5, p.1). Finally, Patrick Fazenbacker, the direct supervisor was present at the site approximately five minutes before the accident occurred. He left the area to take another inmate into his office because that inmate had been disrupting another inmate work crew. However, at the time defendant Fazenbaker left the scene, inmate Anthony was not operating the crane and inmate McConnell, the crane operator at that time, was there assisting on he project. Finally, defendant Fazenbaker did not authorize or direct any untrained inmate to

---

[5]Investigation into the injury revealed that during the process of assembling the axle, the plaintiff inserted his fingers into the assembly point to check the alignment. According to the investigation, the plaintiff then instructed inmate Anthony, who was not the crane operator, to raise the overhead crane. This action resulted in the walking beam moving and shearing off three fingertips from the plaintiff's left hand. (Doc. 32-4, pp 1-2).

operate the crane. (Doc. 32-6, p. 1).

It is also pertinent to note that the plaintiff provided the following statement following the

accident:

> I was checking [sic] stabilizer beam for clearance for the bushing to go in.   I placed my
> fingers in to check for clearance.  I asked my crew to move the differential and
> they pushed the crane button instead there was a misunderstanding in communication.
> Next time I am going to perform a visual inspection with no fingers used in the
> inspection process.

(Doc. 32-4, p. 9).

Therefore, while there is some dispute as to how the crane was activated, whether because

the plaintiff specifically directed that it be set in motion, or his direction to inmate Anthony was

misunderstood, it is clear that there is no evidence that the plaintiff's injury  resulted from the

deliberate indifference of the defendants.  Rather, it was simply an accident that may well have

resulted from the plaintiff's own negligence.  Accordingly, plaintiff's <u>Bivens</u> claim is due to be

dismissed for failure to state a claim upon which relief can be granted.

## IV.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the defendant's

Motion to Dismiss, or in the alternative for Summary Judgment (Doc. 32) be **GRANTED** and the

plaintiff's Complaint  be **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this recommendation, any party may file

with the Clerk of the Court written objections identifying the portions of the recommendation to which

objections are  made, and the basis for such objections.  A copy of such objections should also be

submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file

objections to this recommendation will result in waiver of the right to appeal from a judgment of this

Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140

(1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th

Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

*pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on

the docket sheet.  The Clerk of the Court is further directed to provide a copy of this Report and

Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for

Electronic Filing in the United States District Court.

Dated: July 18, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE