IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PRINCEWELL EZEBUIHE,

    Plaintiff,

v.                                      Civil Action No. 5:07CV75
                                                  (STAMP)
UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
CHRISTI CUTRIGHT, UNICOR Factory Manager,
ANTHONY CONRAD, Assistant Factory Manager,
and P. FAZENBACKER, Production Supervisor,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE FOR SUMMARY JUDGMENT
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

I. <u>Facts and Procedural History</u>

Princewell Ezebuihe, proceeding <u>pro se</u>[1] and <u>in forma pauperis</u>,[2] filed a complaint on June 7, 2007, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 et seq., and <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) ("<u>Bivens</u>").[3] This matter was referred to Magistrate Judge James E.

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1237 (7th ed. 1999).

[2] "In forma pauperis" describes the permission granted to a poor person to proceed without liability for court fees or costs. <u>Black's Law Dictionary</u> 779 (7th ed. 1999).

[3] Under <u>Bivens</u>, claims made be brought against a federal agent for violations of a federal right, including constitutional rights. <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S.

Seibert for an initial review and report and recommended disposition pursuant to Local Rule Prisoner Litigation Procedure 83.01, et seq., and 28 U.S.C. § 1915(e) and 1915(A).

According to the complaint, three of the plaintiff's fingers were cut off when he was working at his assigned UNICOR[4] job at the Federal Correctional Institution in Gilmer, West Virginia, where the plaintiff was assigned to serve his period of imprisonment. Plaintiff brought suit under the FTCA and under Bivens, alleging deliberate indifference by Bureau of Prisons personnel for failing to properly supervise employed inmates and failing to enforce safety measures.

The defendants filed a motion to dismiss, or, in the alternative, for summary judgment. After issuing a Roseboro Notice,[5] which was returned as undeliverable, the magistrate judge issued a report and recommendation recommending that the defendants' motion to dismiss, or, in the alternative, for summary judgment, be granted and that the plaintiff's complaint be

---

388 (1971).

[4]"UNICOR" is the trade name for Federal Prison Industries, Inc., a government corporation within the Bureau of Prisons, the purpose of which is to provide work simulation programs and training opportunities for inmates. See 28 C.F.R. § 345.11.

[5]Pursuant to Davis v. Zahadrich, 600 F.2d 458, 460 (4th Cir. 1979), and Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the Court issued a notice to advise the plaintiff of his right to file responsive material and to alert him that his failure to response could result in the entry of an order of dismissal against him.

dismissed with prejudice because the plaintiff's FTCA claims are barred by the Inmate Accident Compensation Act ("IACA") and because the plaintiff cannot make the requisite showing of the defendants' culpable state of mind to prevail on his <u>Bivens</u> claim.[6]

In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party objecting to his proposed findings and recommendation must file written objections within ten days after being served with a copy of the report. The deadline for filing objections has passed, and none have been filed.[7]

For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety, that the defendants' motion to dismiss, or, alternatively, for summary judgment should be granted, and that the plaintiff's complaint should be dismissed with prejudice.

---

[6]The magistrate judge observed that a circuit split exists on whether an inmate may pursue a <u>Bivens</u> claim for a work related injury and that the United States Court of Appeals for the Fourth Circuit has not yet ruled on the issue. The magistrate judge concluded, however, that even assuming the IACA does not bar the plaintiff's <u>Bivens</u> claim, his claim fails because he cannot demonstrate that the defendants acted, or failed to act, with deliberate indifference.

[7]Both the <u>Roseboro</u> Notice discussed above and the report and recommendation were returned as undeliverable because the plaintiff is no longer at the address he provided to the Court.

## II. Applicable Law

### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed no objections, this Court reviews the magistrate judge's report and recommendation for clear error.

### B. Failure to State a Claim Upon Which Relief Can Be Granted

Where a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, a court must assess the complaint for cognizable claims. A court must dismiss a complaint, or any portion of a complaint, which fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).[8] Dismissal for failure to state a claim is proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69 (1984).

---

[8] Title 28, United States Code, Section 1915A(b) also requires dismissal of frivolous or malicious complaints and of complaints which seeks monetary relief from a defendant who is immune from such relief.

III. Discussion

This Court concludes that the magistrate judge's findings are not clearly erroneous. The magistrate judge properly concluded that the plaintiff's FTCA claim is barred as a matter of law under the IACA. The IACA provides an accident compensation procedure "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). Injured inmates who are covered by IACA may not bring claims under the FTCA. See United States v. Demko, 385 U.S. 149 (1966). Here, the plaintiff alleges that he suffered a work related injury while working at his UNICOR job. Therefore, the magistrate judge's conclusions that the plaintiff's FTCA claim is barred by the IACA will be affirmed.

The magistrate judge also properly concluded that the plaintiff's Bivens claim must fail because it alleges no set of facts to support a finding of deliberate indifference by prison officials.[9] To prevail on a Bivens claim, a plaintiff must show that prison officials were aware of and disregarded an excessive risk to inmate safety or health. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Here, the facts alleged in the plaintiff's complaint raise, at most, a claim for negligence. The facts

---

[9] For purposes of this opinion only, this Court assumes, without deciding, that a Bivens claim for an inmate's work related injury is not barred by the IACA.

5

alleged simply provide no evidence that the plaintiff's injury resulted from the defendants having acted with deliberate indifference. Therefore, this Court will affirm the magistrate judge's conclusion that the plaintiff has failed to state a claim upon which relief can be granted.

## IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the defendants' motion to dismiss, or, alternatively, for summary judgment, is GRANTED. Further, the petitioner's complaint is DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 15, 2008

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE